A TRUE COPY CERTIFIED TO FROM THE RECORD
Case 4:12-cv-00156-DPM Document 13 Filed 06/14/12 Page 1 of 2
DATED
ATTEST:
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 14 2012
JAMES W. McCORMACK, CLERK
By: _____ D.P. CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Greg Bowerman v. GlaxoSmithKline, LLC,
E.D. Arkansas, C.A. No. 4:12-00156 ) MDL No. 1871

4:12-156

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff in this action moves to vacate our order conditionally transferring the action to MDL No. 1871. Responding defendant Glaxo-SmithKline LLC (GSK) opposes the motion.

In opposing transfer, plaintiff argues that his action is unlike the majority of actions in the MDL in that it is not a personal injury action. Rather, he asserts, it arises out of GSK's purportedly wrongful and illegal marketing, sale, and promotion of Avandia in Arkansas, thereby depriving the state taxpayers and the state treasury of funds. Plaintiff also argues that the action was improperly removed from state court, and that the Eastern District of Arkansas court should be allowed to rule on his pending remand motion. We are not persuaded by these arguments. Actions already in the MDL involve issues concerning the marketing of Avandia. Indeed, we have transferred similar actions to this MDL in the past. *See, e.g.*, Transfer Order (J.P.M.L. Apr. 18, 2011) (doc. no. 511) (transferring action brought by the Utah attorney general seeking to recover, *inter alia*, the cost of all Avandia prescriptions paid by the State of Utah and the Avandia-related past, present, and future medical expenses of the state's Medicaid recipients). Plaintiff's remand argument is moot. After briefing in this matter closed, the Eastern District of Arkansas court denied remand.

After considering all argument of counsel, we find that this action involves common questions of fact with actions previously transferred to MDL No. 1871, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Pennsylvania was an appropriate Section 1407 forum for actions involving factual questions "aris[ing] from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 528 F. Supp. 2d 1339, 1340-41 (J.P.M.L. 2007). Plaintiff here plainly alleges that GSK misrepresented information concerning the safety and efficacy of Avandia for treating diabetes,

---

[*] Judge Kathryn H. Vratil and Judge Marjorie O. Rendell took no part in the decision of this matter.

- 2 -

and failed to disclose the potential cardiovascular risks of Avandia to the public, prescribers, the FDA, and the State of Arkansas.

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.     Barbara S. Jones
Paul J. Barbadoro     Charles R. Breyer